JL

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Dayshaun Darion Conner,

                    Plaintiff,

v.

K. Taylor, et al.,

                    Defendants.

No.    CV-23-02525-PHX-JAT (JZB)

**ORDER**

On December 5, 2023, pro se Plaintiff Dayshaun Darion Conner, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis), filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a January 10, 2024 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 12, 2024, Plaintiff filed his First Amended Complaint.  In a March 26, 2024 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.  The Court warned Plaintiff that the Clerk of Court would enter a judgment of dismissal with prejudice if he failed to timely file a second amended complaint.

Not having received a second amended complaint or a motion for extension of time, on May 10, 2024, the Clerk of Court entered a Judgment of dismissal with prejudice.  The

JDDL-K

1   Clerk of Court sent the May 10, 2024 Judgment to Plaintiff at his address of record.  On

2   May 13, 2024, the mail was returned as undeliverable because Plaintiff was out to court in

3   Maricopa County.

4           On August 21, 2024, Plaintiff filed a "Motion for Excusable Neglect Pursuant to

5   FRCP 60(b)(1) and (6), Prayer to Reopen Case and for Leave to File a Second Amended

6   Complaint" and lodged a proposed Second Amended Complaint.  In an October 11, 2024

7   Order, the Court construed the Motion as a Motion for Relief from Judgment pursuant to

8   Rule 60(b) of the Federal Rules of Civil Procedure, granted the Motion, and directed the

9   Clerk of Court to vacate the May 10, 2024 Judgment, and reopen this case.  Because

10  Plaintiff stated in his Motion that he never received the March 26, 2024 Order and did not

11  have the benefit of that Order when he filed the lodged proposed Second Amended

12  Complaint, the Court directed the Clerk of Court not to file the lodged proposed Second

13  Amended Complaint and gave Plaintiff 30 days to file a Second Amended Complaint that

14  cured the deficiencies identified in the March 26 Order.

15          On October 29, 2024, Plaintiff filed a Second Amended Complaint (Doc. 15).  The

16  Court will dismiss the Second Amended Complaint with leave to amend.

17  **I.     Statutory Screening of Prisoner Complaints**

18          The Court is required to screen complaints brought by prisoners seeking relief

19  against a governmental entity or an officer or an employee of a governmental entity.  28

20  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

21  has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

22  relief may be granted, or that seek monetary relief from a defendant who is immune from

23  such relief.  28 U.S.C. § 1915A(b)(1)–(2).

24          A pleading must contain a "short and plain statement of the claim *showing* that the

25  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

26  not demand detailed factual allegations, "it demands more than an unadorned, the-

27  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

28

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff sues Sergeant Kimo Taylor, Corporal Christopher Carter, and Correctional Officer Doe #1. Plaintiff asserts excessive force claims. He seeks monetary relief.

Plaintiff alleges the following:

On October 12, 2023, Plaintiff was secured in handcuffs, leg irons, and shackles,

and was strapped down and secured in a mobile restraint chair.  Plaintiff was incapable of moving and posed no physical threat to anyone.  While Plaintiff was restrained, Defendants Taylor, Carter, and Doe #1 all lunged at and slammed into Plaintiff.  Defendant Taylor placed Plaintiff in a "choke hold" and "aggressively chok[ed]" Plaintiff for "what seemed like long minutes," causing him extreme anxiety, apprehension, and panic.  Plaintiff "legitimately feared for his life and thought he was going to be killed, choked to death." "Then later," Defendant Taylor "aggressively grabbed" Plaintiff's neck and lower face area and twisted his head and neck at an angle in a manner that again cut off his air supply and made it difficult for him to breathe.

Defendant Carter pushed Plaintiff's head and neck between his legs and Carter "aggressively str[uck]" Plaintiff with a closed fist on the side of his head, causing Plaintiff to lose vision and nearly lose consciousness.  Defendant Carter "appl[ied] his full body weight" on Plaintiff's head and neck, causing unbearable pain.

Defendant Doe #1 "aggressively" restrained Plaintiff's legs and then let go, drew his handheld taser, and asked, "Should I tase him?"  Defendant Doe #1 tased Plaintiff in his lower body, causing him anxiety, apprehension, and panic, as Plaintiff "legitimat[ely] feared for [his] life and thought [he] was going to be killed, tased to death." Defendants Taylor, Carter, and Doe #1 "swapp[ed] with new officers" and left the holding cell.

As a result of the "altercation," Plaintiff suffered multiple cuts, bruises, and lacerations to his neck, shoulders, back, legs, and wrist.  Plaintiff felt humiliated and degraded and suffered extreme anxiety, stress, and emotional turmoil while he thought he was going to be killed and could not breathe.  "To this day," Plaintiff continues to suffer extreme anxiety, difficulty sleeping, and often awakes from night sweats and terror, feeling like he is suffocating.  Plaintiff also has difficulty "dealing with[] and being around staff where any sudden movement or loud noises cause[] [him] severe anxiety and paranoia."

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

(4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  *See Johnson v. Glick*, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

*Id.* at 9.

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

Plaintiff's allegations are too vague to state an excessive force claim.  Plaintiff does not state why he had been handcuffed, shackled, and placed in a restraint chair, and he does not state what happened just before Defendants allegedly lunged at and slammed into him.  Without additional information, the Court cannot reasonably infer that the force used was applied maliciously and sadistically to cause harm.[1]  Plaintiff has primarily recited the

---

[1] The Court notes that Plaintiff was convicted in Maricopa County Superior Court, case #CR-2024101574, of aggravated assault, with an offense date of October 12, 2023.  *See* https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?

elements of an excessive force claim, but that is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. As presented, Plaintiff fails to state a claim in the Second Amended Complaint, and it will be dismissed.

## IV. Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference. Plaintiff may include only one claim per count.

A third amended complaint supersedes the original Complaint and prior Amended Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or prior Amended Complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Plaintiff should note that a prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the

---

caseNumber=CR2024-101574 (last accessed Dec. 17, 2024). In addition, according to Plaintiff's online inmate record, on October 12, 2023, he was charged with disorderly conduct and assault on staff that did not involve serious injury and was found guilty of both charges. *See* https://corrections.az.gov/inmate-data-search (search by Inmate Number 304527) (last accessed Dec. 17, 2024).

1   invalidity of his conviction or sentence," unless the prisoner demonstrates that the

2   conviction or sentence has previously been reversed, expunged, or otherwise invalidated.

3   *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

4   **V.    Warnings**

5       **A.    Release**

6          If Plaintiff is released while this case remains pending, and the filing fee has not

7   been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

8   that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

9   (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may

10  result in dismissal of this action.

11      **B.    Address Changes**

12         Plaintiff must file and serve a notice of a change of address in accordance with Rule

13  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

14  relief with a notice of change of address.  Failure to comply may result in dismissal of this

15  action.

16      **C.    Possible "Strike"**

17         Because the Second Amended Complaint has been dismissed for failure to state a

18  claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies

19  identified in this Order, the dismissal may count as a "strike" under the "3-strikes"

20  provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring

21  a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the

22  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

23  brought an action or appeal in a court of the United States that was dismissed on the

24  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

25  granted, unless the prisoner is under imminent danger of serious physical injury."  28

26  U.S.C. § 1915(g).

27      **D.    Possible Dismissal**

28         If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Second Amended Complaint (Doc. 15) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 20th day of December, 2024.

James A. Teilborg
Senior United States District Judge

JDDL-K

- 8 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                       U.S. District Court Clerk
U.S. Courthouse, Suite 130                                U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10              405 West Congress Street
Phoenix, Arizona  85003-2119                          Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
       A certificate of service should be in the following form:

       I hereby certify that a copy of the foregoing document was mailed
       this _____ (month, day, year) to:
       Name:    _____
       Address:_____
                        Attorney for Defendant(s)

       _____
       (Signature)

9.  <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                     Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                 Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
            (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/23                   1                           **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____ .  The first Defendant is employed
as: _____ at_____ .
<span>(Position and Title)</span>                                        <span>(Institution)</span>

2.   Name of second Defendant: _____ .  The second Defendant is employed as:
as: _____ at_____ .
<span>(Position and Title)</span>                                        <span>(Institution)</span>

3.   Name of third Defendant: _____ .  The third Defendant is employed
as: _____ at_____ .
<span>(Position and Title)</span>                                        <span>(Institution)</span>

4.   Name of fourth Defendant: _____ .  The fourth Defendant is employed
as: _____ at_____ .
<span>(Position and Title)</span>                                        <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____ .   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____ .
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____ .

   b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____ .
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____ .

   c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____ .
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____ .

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

### D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____ .

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                        ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?        ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?                       ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?              ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities        ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                         ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count III?        ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
          _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                                DATE                                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.