KAB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dayshaun Darion Conner, | No. CV-23-02525-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Christopher Carter, et al., | |
| Defendants. | |

Plaintiff Dayshaun Darion Conner, who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 19.) Defendants move for summary judgment. (Doc. 56.) Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 58), and he opposes the Motion. (Doc. 66-68.)

**I.  Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment excessive force claims against Defendants Carter, Taylor, and Alfaro based on allegedly excessive force used on Plaintiff on October 12, 2023. (Docs. 20, 22.)

Defendants move for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies.

. . . .

. . . .

. . . .

## II. Legal Standards

### A. Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co.*, *Ltd. v. Fritz Co.*, *Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

. . . .

. . . .

**B.     Exhaustion**

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If the defendants move for summary judgment for failure to exhaust and the evidence shows that the plaintiff did, in fact, exhaust all available administrative remedies, it is appropriate for the court to grant summary judgment sua sponte for the nonmovant on the issue. *See Albino*, 747 F.3d at 1176 (pro se prisoner did not cross-move for summary judgment on issue of exhaustion, but because he would have succeeded had he made such a motion, sua sponte grant of summary judgment was appropriate).

. . . .

. . . .

### III. Discussion

#### A. No Showing the Remedy was Available

In their Motion for Summary Judgment, Defendants contended that Plaintiff "never submitted any informal complaint, formal grievance, grievance appeal, or Second-Level, non-medical grievance appeals [and] has never submitted any grievances, of any kind, at any level." (Doc. 57 ¶ 6.) After Plaintiff produced relevant grievance documents in his Response, Defendants moved to file a Statement of Facts with their Reply stating "After filing the original Statement of Facts (Doc. 57), Defendants discovered additional information regarding Plaintiff's grievance history that was not previously available." (Doc. 83 at 1.) Defendants provide no explanation to how this grievance history was not "previously available" and did not seek to withdraw their Motion for Summary Judgment, which is based on false evidence. (*See* Docs. 83, 85, 87.) Simply correcting such information in their Reply is insufficient as the Federal Rules of Civil Procedure do not allow Plaintiff to file a sur-reply. Accordingly, the Motion for Summary Judgment could be denied on this basis alone.

Additionally, Defendants moved for summary judgment and attached a Department Order purporting to set forth the exhaustion procedure for Plaintiff to grieve the October 2023 incident. But the Department Order attached to Defendants' Statement of Facts went into effect on May 12, 2025. (Doc. 57 at 15-29.) Defendants do not contend that 2025 version of DO 802 is effectively the same as the version in effect in 2023 and have not corrected the record as to this evidence. Accordingly, the Motion could likewise be denied on this basis alone because Defendants did not meet their burden of demonstrating that there was an available administrative remedy in 2023.

Even assuming DO 802 effective in 2025 governed Plaintiff's claims, Defendants would not be entitled to summary judgment as to exhaustion. Defendants contend that Plaintiff did not properly follow the grievance procedure in DO 802. In support of this argument, Defendants assert that Plaintiff submitted an informal complaint on October 20,

2023, but prior to receiving a response,[1] prematurely submitted a formal grievance on October 24, 2023 on an incorrect form and this grievance was returned to Plaintiff as "unprocessed" on October 27, 2023. (Doc. 85 at 2.) Defendants contend that Plaintiff submitted a formal grievance on the correct form on November 2, 2023 and on that same day, prematurely submitted a First Level Appeal and Plaintiff's formal grievance was rejected as untimely and the First Level Appeal was "returned" on November 3, 2023. (*Id.*) Defendants assert that Plaintiff submitted an Inmate Grievance Appeal to Arizona Department of Corrections, Rehabilitation and Reentry's (ADCRR) general counsel on November 6, 2023. (*Id.*) Defendants assert that several of Plaintiff's lower level appeals were unprocessed and he should have separately grieved the Grievance Coordinator's October 27, 2023 decision not to process the grievance. (*Id.*)[2]

### B.   The Remedy was Effectively Unavailable

Plaintiff submitted an Inmate Informal Complaint dated October 17, 2023, stating that officers used excessive force on him on October 12, 2023. (Doc. 89 at 7.) The grievance was marked as received on October 20, 2023. (*Id.*) On October 20, 2023, Plaintiff received a response to his informal grievance stating:

> Morey Unit has received your complaint in which you allege that staff at Rast Unit used excessive force on 10/12/2023. Your complaint has been forwarded to the Rast Unit

---

[1] Defendants specifically assert that "[b]efore receiving a response, Plaintiff submitted a formal grievance on October 24, 2023, using an incorrect form." (Doc. 85 at 2.) This argument is inconsistent with the evidence, which shows that Plaintiff received a response to his informal grievance on October 20, 2023. (Doc. 89 at 8.) Although *Plaintiff* provided this evidence to the Court, Defendants made no effort to correct this further error in their record-keeping and representations to the Court.

[2] Notably, this statement is averred to by an ADCRR employee (Doc. 87 at 6 ¶ 39), but the employee cites no evidence in support of this statement and therefore does not establish foundation for this statement and this is the same employee who incorrectly averred to the Court that: Plaintiff did not submit any grievance documents, that Plaintiff prematurely submitted a formal grievance, and that the 2025 version of DO 802 somehow applies to Plaintiff's claims. Regardless, this is not material to resolving the Motion for Summary Judgment.

> Administrator for review. All investigations of staff are treated as confidential. You will not be notified of any investigations, outcomes for of any action that may have been taken.

(*Id.* at 8.) The response included the following language:

> If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, **and/or for 802-7 GF Supplement**) within five (5) workdays from receipt of the above response to the Grievance Coordinator by: Placing a single complaint on a single Inmate Grievance Form.

(*Id.* (emphasis added).) On October 24, 2023, Plaintiff submitted his Formal Grievance Appeal on a Form 802-7-GF Supplement. (*Id.* at 9.) On October 27, 2023, that grievance was returned to Plaintiff "unprocessed" because "Plaintiff did not submit [his] grievance on form 802-1." (*Id.* at 10.) On November 2, 2023, Plaintiff attempted to submit a second formal grievance on form 802-1, but it was returned as untimely. (Doc. 89 at 12-13.) In his November 2, 2023 formal grievance, Plaintiff contended that his original formal grievance should have been processed since the response to his informal grievance clearly stated that he could use GF Supplement Form 802-7 to submit a formal grievance. (*Id.* at 13.)

The evidence before the Court shows that Plaintiff properly submitted a timely, informal grievance, Plaintiff then attempted to submit a timely formal grievance, but that grievance was improperly rejected as being on the wrong form despite the informal grievance response's clear instruction that "you may file a formal grievance (form 802-1 Inmate Grievance, **and/or for 802-7 GF Supplement**)." Although Plaintiff repeatedly tried to correct this error and informed prison staff in his subsequent appeals that his formal was improperly rejected, prison staff continued to improperly reject Plaintiff's appeals. Accordingly, Plaintiff has shown that the administrative remedy was effectively unavailable to him because he relied on the informal complaint language in submitting his formal grievance, and prison staff did not follow their own policy contained in the language of that response. *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (improper screening of an inmate's grievance, failing to provide grievance forms, and providing

inaccurate information to an inmate during the grievance process have been found to constitute circumstances rendering administrative remedies unavailable) (citing cases); *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (holding that if Plaintiff was unable to file grievance forms or if he was reliably informed that administrative remedies were not available, exhaustion is not required); *Brown*, 422 F.3d at 935 (information provided to the prisoner concerning the operation of the grievance procedure is relevant in determining whether an administrative remedy is " available"); *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (where prisoner relied on misleading information provided by warden during the grievance process, even though there was no bad faith or deliberate obstruction by warden, administrative remedies were effectively unavailable).

For all of the forgoing reasons, Defendants' Motion for Summary Judgment will be denied, and summary judgment will be granted in favor of Plaintiff as to exhaustion of administrative remedies.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Summary Judgment (Doc. 56).

(2) Defendants' Motion for Summary Judgment (Doc. 56) is **denied**.

(3) Summary Judgment is **granted** in favor of Plaintiff as to the exhaustion of available administrative remedies.

Dated this 14th day of October, 2025.

James A. Teilborg
Senior United States District Judge